## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                                    )
FRANK A. SKINNER,                   )
        Plaintiff,                  )
                                    )
v.                                  )      Civ. No.: 07-cv-00091-RWR
                                    )
OFFICE OF INFORMATION AND           )      ECF
PRIVACY AND FEDERAL BUREAU          )
OF PRISON,                          )
        Defendants.                 )
_____)
```

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants, Office of Information and Privacy and the Federal Bureau of Prisons, respectfully move to dismiss this action. In the alternative, this Court should enter summary judgment in favor of Defendants pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law. In support of this Motion, Defendants submit a Memorandum of Points and Authorities, a Statement of Material Facts Not In Dispute, and the accompanying declarations and exhibits.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavits and other attachments in support of Defendants' Motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendants' attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

The grounds for the Motion are set forth in more detail in the accompanying memorandum of points and authorities in support of the motion.[1]  A proposed Order consistent with this Motion is attached hereto.

Dated: May 16, 2007.                           Respectfully Submitted,


  /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____

[1]Consonant with the Court of Appeals guidance in <u>Neal v. Kelly</u>, 963 F.2d 453 (D.C. Cir. 1992), Defendants remind this *pro se* litigant that his failure to respond or contest Defendants' Motion may lead to an entry of adverse judgment against him.  In <u>Fox v. Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals noted that a *pro se* party may lose if he fails to respond to a dispositive motion.  Failure to respond to Defendants' Motion to dismiss may result in the district court granting the motion and dismissing the case.

_____/s/   John C. Truong_____

JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
FRANK A. SKINNER,                         )
        Plaintiff,                        )
                                          )
v.                                        )     Civ. No.: 07-cv-00091-RWR
                                          )
OFFICE OF INFORMATION AND                 )     ECF
 POLICY AND FEDERAL BUREAU                )
OF PRISON,                                )
        Defendants.                       )
_____)

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

**I.      Introduction.**

       In this Freedom of Information Act ("FOIA") lawsuit, *pro se* Plaintiff Frank A. Skinner, Jr., seeks the "release of 'Medical Records' held at the United States Penitentiary Hazelton in Bruceton Mills, West Virginia 26525." Complaint ("Compl.") at p. 1.  He alleges that he "sought these files through the Federal Bureau of Prisons and appealed upon the Office of Information and Privacy located in Washington, D.C." Id.  He asserts that "an inmate is entitled to a copy of his or her own medical records from the B.O.P." Id.  As relief, Plaintiff seeks the "full release of all medical records and reports, photos, and ultrasound readings; and any letterheads referencing Tort Claim Number TRT-MXR-2005-03222." Compl. at p. 3 (Relief Sought).  Plaintiff also seeks "litigation cost and attorney's fees." Id.  Plaintiff is currently serving a 262- month sentence for Conspiracy to Distribute Cocaine, and Possession With Intent to Distribute Cocaine.  See Declaration of Clarrisa M. Greene ("Greene Decl.")  at ¶ 5( Greene Attachment A) (Gov. Exh. 1).

1

As shown below, Plaintiff's FOIA complaint should be dismissed for three reasons. First, he failed to exhaust administrative remedies for his FOIA request seeking copies of his medical records. Second, even assuming that Plaintiff has exhausted administrative remedies for this FOIA request, Defendant Federal Bureau of Prison ("FBP") has already provided Plaintiff with a copy of his medical records. Specifically, in a response to a request to the Health Services Administrator at the Federal Correctional Institution in Greenville, Illinois, the FBP disclosed the records to Plaintiff, and therefore, the FBP is not withholding any responsive documents. Finally, Plaintiff is not entitled to costs and fees as he is not the prevailing party. Furthermore, under D.C. Circuit law, a pro se non-attorney litigant is not entitled to attorney's fees. For these reasons and those elaborated below, the Court should grant Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, and dismiss this case with prejudice.

## II.    Factual Background.

On April 3, 2005, Plaintiff began his incarceration at the United States Penitentiary (USP) Hazelton, WV, on April 13, 2005. <u>See</u> Declaration of Clarissa M. Greene ("Greene Decl.") at ¶ 5 (Greene Attachment A) (Gov. Exh. 1). On June 13, 2005, the Mid-Atlantic Regional Office (MXRO) of the Federal Bureau of Prisons acknowledged that, on May 31, 2005, it received a Form 95 for a tort claim, wherein Plaintiff claimed medical injuries and sought compensation. Greene Decl. at ¶ 6 (Greene Attachment  B). On September 23, 2005, the FBP found that the evidence did not support Plaintiff's claim that a FBP employee caused his injuries and, therefore, denied his tort claim. Greene Decl. at ¶ 7 (Greene Attachment  C).

On October 21, 2005, Plaintiff wrote to Wanda M. Hunt, Chief of FOIA for the Bureau, in Washington, D.C., requesting a " copy of the Form 95 Tort Claim filed May 31, 2005 to the

Mid-Atlantic Regional Office ("MXRO"), 10010 Junction Dr. Suite 100 Annapolis Junction, MD. 20701.  The complaint was based on personal injury/medical records."   Greene Decl. at ¶ 8 (Greene Attachment  D).   The letter also sought "all or any letter heads addressed, and the original response **_not_** received toward denial."  Id. (emphasis in original).

Plaintiff's request was logged and assigned FOIA Request Number 2006-00793. Greene Decl. at ¶ 9.  Since Plaintiff's FOIA request involved files processed and maintained by the MXRO, Ms. Hunt's office forwarded Plaintiff's request to the MXRO for processing.  Id.  On December 21, 2005, the MXRO construed his October 21st letter as a request for documents pertaining to his tort claim (No. TRT-MXR-2005-03222) and disclosed three pages of documents in their entirety.  Greene Decl. at ¶ 9 (Greene Attachment E).

On January 21, 2006, Plaintiff appealed FOIA Request Number 2006-00793 to the Office of Information and Privacy (OIP).  Compl. at Exh. E.[2]  In the appeal letter, Plaintiff stated that "[the] officials avoid request of Medical Records without appeal notice."  Id.  In response, on February 7, 2006, the OIP acknowledged receipt of his appeal and assigned it Appeal Number 06-1117.  Compl. at Exh. F.

On December 11, 2006, the OIP affirmed the FBP's actions. Compl. at Exh. G. Specifically, the OIP explained that Plaintiff's initial request for records pertaining to this tort claim (TRT-MXR-2005-03222) did not include a request for medical records.  Id.  In addition, the letter also explained that Plaintiff "may not on appeal expand the scope of [the] initial

---

[2]     Although Plaintiff named the Office of Information and Privacy ("OIP") as a defendant in this case, it does not appear that Plaintiff is seeking any redress from the OIP. Furthermore, the OIP is not a proper defendant because it does not have the requested records. Therefore, OIP should be dismissed from this lawsuit.  See Fed. R. Civ. P. 12(b)(6) (failure to state a claim for which relief may be granted).

request, which did not include a request for medical records."  Compl. at Exh. G.  The OIP also

noted that Plaintiff previously requested medical records from USP Hazelton on May 23, 2005,

and advised him that if USP Hazelton had not released the medical records, he should submit a

new FOIA request to the FBP for his medical records.  Id.

To date, Plaintiff has not filed a subsequent FOIA request with the FBP specifically

seeking his medical records.  Greene Decl. at ¶ 10 (Greene Attachment  F).  On January 12,

2007, Plaintiff filed this FOIA lawsuit.  Thereafter, on February 6, 2007, Plaintiff was transferred

to FCI Greenville.  Id. (Greene  Attachment A).  He continued to complain about the FBP's

withholding of his medical records.  Declaration of Joel S. Pickett ("Pickett Decl.") at ¶ 5 (Gov.

Exh. 2).

In response to Plaintiff's continuing complaints, Mr. Joel S. Picket, Greenville Health

Services Administrator ("HSA"), spoke with the Monongalia (West Virginia) General Hospital's

Medical Records Department and was informed that the Hospital had two pages of medical

records pertaining to Plaintiff.  Pickett Decl. at ¶ 6.   Thereafter, On March 26, 2007, Mr. Pickett

gave Plaintiff a complete copy of his medical records, including the documents from the

Monongalia General Hospital.  Pickett Dec. at ¶ 6 (Pickett Attachment A).

**III.    Standard of Review**.

**A.    Motion to Dismiss Standard – Rule 12(b)(1).**

Plaintiff bears the burden of establishing subject matter jurisdiction, see Miller v. United

States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Baird v. United States,

653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982).  See Dickson v. United

States, 831 F. Supp. 893, 896-897 (D.D.C. 1993), aff'd 48 F.3d 562 (D.C. Cir. 1995).  A court

may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in

two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v.

National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine

the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider

affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.

Applying these standards, the Court should dismiss Plaintiff's Complaint in its entirety.

**B.    Summary Judgment Standard**.

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where

"there is no genuine issue as to any material fact and . . .the moving party is entitled to judgment

as a matter of law."  Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d

320, 325 (D.C. Cir. 1989).  As the Supreme Court has declared, "[s]ummary judgment procedure

is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the

Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive

determination of every action."  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

An agency satisfies the summary judgment requirements in a FOIA or Privacy Act case

by showing that each document was produced, not withheld, is unidentifiable, or is exempt from

disclosure.  Weisberg v. U. S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  To meet its

burden, the defendant may rely on affidavits or declarations and other evidence by the agency

which show that the documents are exempt from disclosure.  Summary judgment may be

awarded to an agency in a FOIA or Privacy Act case solely on the basis of agency affidavits or

declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by

evidence ... of bad faith on the part of the agency.'"  Public Citizen, Inc. v. Dept. of State, 100

5

F.Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

Specifically, summary judgment is available to a defendant agency upon proof that it has fully discharged its obligations under the FOIA and the Privacy Act. See Miller v. U.S. Dept. of State, 779 F.2d 1378, 1382 (8th Cir. 1985). The declarations in this matter were provided by individuals familiar with the steps taken by the USSS in responding to Plaintiff's FOIA/Privacy Act request. See Lyerly Decl. ¶ 4; and Exhibit E (Declaration of Elias K. Aivazis). Since Defendant's declarations demonstrate that the USSS met its obligations under the FOIA and the Privacy Act, and the pleadings and other filings show no genuine issue as to any material fact and the Defendant is entitled to judgment as a matter of law, dismissal, or in the alternative, summary judgment should be granted to the Defendant.

## IV. Argument.

### A. Plaintiff Failed to Exhaust Administrative Remedies.

Plaintiff has not exhausted administrative remedies by failing to file a FOIA request seeking his medical records. Exhaustion of administrative remedies is required under FOIA before a party can seek judicial review. Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986). The purpose of the exhaustion requirement is to give the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision," as well as to allow "the top managers of an agency to correct mistakes made at lower levels and thereby obviate unnecessary judicial review." Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990).

A FOIA/Privacy Act requester is deemed to have failed to exhaust administrative

remedies whenever the requester fails to comply with the administrative procedures set forth under the FOIA/Privacy Act, including: (1) providing a request to the particular office identified in the agency's FOIA/Privacy Act regulations, <u>Kessler v. United States</u>, 899 F. Supp. 644, 645 (D.D.C. 1995); (2) providing the agency the required proof of identity, <u>Summers v. United States Dep't of Justice</u>, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (3) reasonably describing the records sought, <u>Gillin v. I.R.S.</u>, 980 F.2d 819, 822-23 (1st Cir. 1992); (4) complying with fee requirements, <u>Trueblood v. United States Dep't of Treasury</u>, 943 F. Supp. 64, 68 (D.D.C. 1996); and (5) administratively appealing a denial of records, <u>Oglesby</u>, 920 F.2d at 61. <u>See also</u> 5 U.S.C. § 552(a)(3) (requests must be made "in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed . . . ."). Where a FOIA/Privacy Act plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal. <u>See</u> <u>Oglesby</u> 920 F.2d at 61; <u>accord</u> <u>Hidalgo v. FBI</u>, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003).

In this case, Plaintiff did not file a formal FOIA request seeking his medical records. <u>See</u> Greene Decl. at ¶ 10. The only FOIA request that Plaintiff submitted to the FBP was FOIA Request No. 2006-00793, which only sought records related to Plaintiff's previous tort claim (TRT-MXR-2005-03222). Greene Decl. at ¶ 6,8 (Greene Attachments B and D). Plaintiff then contacted the OIP to complain that the FBP did not provide him with a copy of his medical records. Compl. at Exh. E. In response, the OIP determined that Plaintiff had only requested the records related to the tort claim and that he did not request a copy of his medical records. Compl. at Exh. F.

Therefore, because Plaintiff did not submit a proper FOIA request to the FBP seeking his medical documents (i.e., it did not reasonably describe the documents that he sought), he has not

exhausted his remedies regarding the disclosure or withholding of his medical records.  See

Hutchins v. Dep't of Justice, Civ. No. 00-2349, 2005 WL 1334941, *2 (D.D.C. June 6, 2005)

("without any showing that the agency received the request, the agency has no obligation to

respond to it.");  Kessler, 899 F. Supp. at 645 (requiring a plaintiff to submit a FOIA request to

the agency).  Accordingly, the Court should dismiss Plaintiff's complaint for failure to exhaust

administrative remedies.

> **B.      The FBP Has Disclosed All of the Requested Records.**

Even assuming that Plaintiff has properly submitted a FOIA request for his medical

records and exhausted administrative remedies, the Court should nevertheless dismiss his case

because the FBP has produced all responsive documents to Plaintiff.

Under Article III, section 2 of the Constitution, federal courts only have

jurisdiction to hear and decide actual "cases" or "controversies."  Allen v. Wright, 468 U.S. 737,

750 (1984); see National Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C.

Cir. 1997).  This requirement prevents the issuance of advisory opinions, as it demands the

existence of an actual dispute between adverse parties with a stake in the outcome.  See

Richardson v. Ramirez, 418 U.S. 24, 36 (1974).  In fact, "[n]o principle is more fundamental to

the judiciary's proper role in our system of government than the constitutional limitation of

federal-court jurisdiction to actual cases and controversies."  Simon v. Eastern Kentucky Welfare

Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement must be met "through all stages of federal judicial

proceedings."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  The effect of post-

complaint changes in the facts or law on the continued existence of a particular controversy is

assessed through the lens of mootness.  See Arizonans for Official English v. Arizona, 520 U.S.

43, 68 n.22 (1997) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397

(1980)).  Thus, the controversy must exist at the outset of the litigation and continue throughout

the existence of the suit.  See Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C.

Cir. 1998) (citing Arizonans for Official English, 520 U.S. 43).  As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness]
> doctrine requires a federal Court to refrain from deciding it if "events have so
> transpired that the decision will neither presently affect the parties' rights nor
> have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C.

Cir. 1990) (en banc)).  Once a case becomes moot, the court loses jurisdiction.  See City of

Houston v. Department of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).

In FOIA cases, the mootness doctrine comes into play when all documents have been

released to the requester.  The release of documents eliminates any live controversy between the

parties because it gives the requester the relief sought in the FOIA complaint.  See Crooker v.

United States State Dep't, 628 F.2d 9, 10 (D.C. Cir. 1980) ("Once the records are produced [in a

FOIA case] the substance of the controversy disappears and becomes moot since the disclosure

which the suit seeks has already been made.").  Such cases are properly dismissed on mootness

grounds because there is no further judicial function for the Court to perform.  See Tijerina v.

Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir.

1982); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).

Here, the FBP provided him with a complete set of his medical records on at least two

occasions.  First, Ms. Cindy J. Ammons, a medical technician at USP Hazelton, provided

Plaintiff with a complete set of his medical records when he was at the Monogalia General

Hospital in Morgantown, West Virgina.  Declaration of Cindy J. Ammons ("Ammons Decl.")  at

¶ 3,4 (Gov. Exh. 3).  Specifically, Plaintiff went to the Monogalia General Hospital for a "an

ultrasound of his scrotum with flow doppler." Ammons Decl. at ¶ 3. Plaintiff then asked for a

copy of his medical records, including the ultra sound documents. Id. In response to that

request, Ms. Ammons provided those documents to him. Ammons Decl. at ¶ 4.

Second, in response to Plaintiff's on-going complaints that he had not received his

medical records, on March 26, 2007, Mr. Joel Pickett, the Health Services Administrator, gave

Plaintiff another set of his medical records. Pickett Decl. at ¶ 6 (Pickette Attachment A).

Moreover, as an inmate at the Greenville FCI, Plaintiff has local access to view his medical

records at any time and can also request additional documents added to the file upon his receipt

of additional medical care. See 28 C.F.R. § 513.42. Under these facts, the Court should dismiss

Plaintiff's Complaint as moot because the FBP provided him with all of his medical records in

their entirety.

## C. Plaintiff is Not Entitled to Costs or Fees.

In addition to his medical records, Plaintiff also seeks costs and attorney's fees. Compl.

at p. 3(Relief Sought). Plaintiff is entitled to neither because he is not a prevailing party and

because he is a *pro se* litigant.

In a FOIA case, "[t]he Court may assess against the United States reasonable attorney

fees and other litigation costs reasonably incurred in any case under this section [5 U.S.C. § 552]

in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Here, Plaintiff

has not "prevailed" because the Court has not awarded him any relief. See Oil, Chem. & Atomic

Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 456-57 (D.C. Cir. 2002); see also

Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health and Human Res., 532 U.S.

598, 605 (2001) ("We cannot agree that the term 'prevailing party' authorizes federal courts to

award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless

potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief.").

More significantly, under D.C. Circuit law, a *pro se* litigant is not entitled to recover for attorney's fees in a FOIA case.  <u>See</u> <u>Benavides v. Bureau of Prisons</u>, 993 F.2d 257, 260 (D.C. Cir. 1993) (holding that "*pro se* non-attorney may not recover attorney fees under 5 U.S.C. § 552(a)(4)(E).").  Furthermore, it appears that Plaintiff is proceeding *in forma pauperis* and, therefore, has not incurred any filing costs for this lawsuit.  <u>See</u> Summons in A Civil Action (noting that "without prepayment of cost.").  Accordingly, under the law, Plaintiff is not entitled to recover neither costs nor attorney's fees.

**V.      Conclusion.**

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss or, in

the alternative, for Summary Judgment and dismiss this case with prejudice.

Dated: May 16, 2007.                              Respectfully Submitted,


                                   ___/s/__Jeffrey A. Taylor_____
                                   JEFFREY A. TAYLOR, D.C. BAR # 498610
                                   United States Attorney


                                   ___/s/___Rudolph Contreras_____
                                   RUDOLPH CONTRERAS, D.C. BAR #434122
                                   Assistant United States Attorney

                                   ___/s/__John C. Truong_____
                                   JOHN C. TRUONG, D.C. BAR #465901
                                   Assistant United States Attorney
                                   555 Fourth Street, N.W.
                                   Washington, D.C.  20530
                                   (202) 307-0406

                                   Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| FRANK A. SKINNER, | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.: 07-cv-00091-RWR |
| | ) | |
| OFFICE OF INFORMATION AND | ) | ECF |
|  PRIVACY  AND FEDERAL BUREAU | ) | |
| OF PRISON, | ) | |
|      Defendants. | ) | |
|_____| ) | |

**ORDER**

Upon consideration of Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, any Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED that Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment be and is hereby GRANTED; and it is

FURTHER ORDERED that the above-captioned case be and is hereby DISMISSED with prejudice.

SO ORDERED.

_____
U.S. District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRANK A. SKINNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| 5. | ) Civil No. 07-0091(RWR) |
| | ) **ECF** |
| OFFICE OF INFORMATION AND | ) |
| PRIVACY, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on May 16, 2007, I caused the foregoing <u>Defendants'</u>

<u>Motion to Dismiss or, in the alternative, for Summary Judgment</u> to be served on plaintiff *pro se*,

postage prepaid, and addressed as follows:

Mr. Frank A. Skinner
#02727-025
USP – Hazelton
P.O. Box No. 2000
Bruceton Mills, WV 26525


           /s/
JOHN C. TRUONG
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
FRANK A. SKINNER,                       )
        Plaintiff,                      )
                                        )
v.                                      )        Civ. No.: 07-cv-00091-RWR
                                        )
OFFICE OF INFORMATION AND               )        ECF
PRIVACY AND FEDERAL BUREAU              )
OF PRISON,                              )
        Defendants.                     )
_____)

**DEFENDANTS' STATEMENT OF MATERIAL
FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Rules 7(h) and 56.1, Defendants respectfully submit this statement of material facts as to which it contends there is no genuine dispute:

1.    On April 3, 2005, Plaintiff began his incarceration at the United States Penitentiary (USP) Hazelton, WV.  See Declaration of Clarissa M Greene ("Greene Decl.") at ¶ 5 (Greene Attachment A) (Gov. Exh. 1).

2.    On June 13, 2005, the Mid-Atlantic Regional Office (MXRO) of the Federal Bureau of Prisons acknowledged that, on May 31, 2005, it received a Form 95 for a tort claim, wherein Plaintiff claimed medical injuries and sought compensation.  Greene Decl. at ¶ 6 (Greene Attachment  B).  The claim is identified as TRT-MXR-2005-03222.  Id.

3.    On October 21, 2005, Plaintiff wrote to Wanda M. Hunt, Chief of FOIA for the Bureau, in Washington, D.C., requesting "the copy of the Form 95 Tort Claim filed May 31, 2005 to the Mid-Atlantic Regional Office ("MXRO"), 10010 Junction Dr. Suite 100 Annapolis Junction, MD. 20701.  The complaint was based on personal injury/medical records." Greene Decl. at ¶ 8 (Greene Attachment  D (emphasis in original).

4.    Plaintiff's request was logged and assigned FOIA Request Number 2006-00793.  Greene
      Decl. at ¶ 9.  Since Plaintiff's FOIA request involved files processed and maintained by
      the MXRO, Ms. Hunt's office forwarded Plaintiff's request to the MXRO for processing.
      Id.

5.     On December 21, 2005, the MXRO construed his October 21st letter as a request for
      documents pertaining to his tort claim (No. TRT-MXR-2005-03222) and disclosed three
      pages of documents in their entirety.  Greene Decl. at ¶ 9 (Greene Attachment E).

6.    On January 21, 2006, Plaintiff appealed his FOIA request (Number 2006-00793) to the
      Office of Information and Privacy (OIP).  Compl. at at Exh. E.  In the appeal letter,
      Plaintiff stated "[the] officials avoid request of Medical Records without appeal notice."
      Id.

7.    In response, on February 7, 2006, the OIP acknowledged receipt of Plaintiff's appeal and
      assigned it Appeal Number 06-1117.  Compl. at Exh. F.

8.    On December 11, 2006, OIP affirmed the actions of the Bureau of Prisons. Compl. at
      Exh. G.  Specifically, the OIP explained that Plaintiff's initial request for records
      pertaining to this tort claim (TRT-MXR-2005-03222) did not include a request for
      medical records.  Id.  In addition, the letter also explained that Plaintiff "may not on
      appeal expand the scope of [the] initial request, which did not include a request for
      medical records."  Compl. at Exh. G.  The OIP also noted that Plaintiff previously
      requested medical records from USP Hazelton on May 23, 2005, and advised him that if
      USP Hazelton had not released the medical records, he should submit a new FOIA
      request to the FBP for his medical records.  Id.

9.    To date, Plaintiff has not filed a subsequent FOIA request with the FBP specifically

seeking his medical records. Greene Decl. at ¶ 10 (Greene Attachment F).

10.    On January 12, 2007, Plaintiff filed this FOIA lawsuit. Compl. at p.1 . Thereafter, on

February 6, 2007, Plaintiff was transferred to FCI, Greenville. Id. (Greene Attachment

A).

11.    In response to Plaintiff's continuing complaints, Mr. Joel S. Picket, Greenville Health

Services Administrator ("HSA"), spoke with the Monongalia (West Virginia) General

Hospital's Medical Records Department and was informed that the Hospital had two

pages of medical records pertaining to Plaintiff. See Declaration of Joel Pickett ("Pickett

Decl.")  at ¶ 6 (Gov. Exh. 2).

12.     Thereafter, On March 26, 2007, Mr. Pickett gave Plaintiff a complete copy of his

medical records, including the documents from the Monongalia General Hospital.

Pickett Dec. at ¶ 6 (Pickett Attachment A).

Dated: May 16, 2007.                         Respectfully Submitted,

                                                /s/  Jeffrey A. Taylor
                                             JEFFREY A. TAYLOR, D.C. BAR # 498610
                                             United States Attorney


                                                /s/   Rudolph Contreras
                                             RUDOLPH CONTRERAS, D.C. BAR #434122
                                             Assistant United States Attorney

                                                /s/   John C. Truong
                                             JOHN C. TRUONG, D.C. BAR #465901
                                             Assistant United States Attorney
                                             555 Fourth Street, N.W.
                                             Washington, D.C.  20530
                                             (202) 307-0406

                                             Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK A. SKINNER, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| OFFICE OF INFORMATION AND PRIVACY, | ) |
| et al., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

Civil No.:07-0091-RWR

## DECLARATION OF CLARRISA M. GREENE

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned Clarrisa M. Greene, do hereby make the following declaration pertinent to the above-styled cause of action:

1.  I, Clarrisa M. Greene, do hereby declare that I am a Legal Instruments Examiner (LIE) assigned to the Mid-Atlantic Regional Office of the Bureau of Prisons (BOP), Annapolis Junction, Maryland.  I have held this position since October 1997.

2.  As Legal Instruments Examiner, I have access to files and records maintained in the ordinary course of business by the BOP, including records pertaining to inmates presently or formerly confined in a BOP facility.  Additionally, I am familiar with the BOP's procedures for processing Freedom of Information Act/Privacy Act (FOIA/PA) requests because as the LIE I process FOIA/PA requests at the Regional Office level, pertaining to records maintained by institutions in the Bureau of Prisons Mid-Atlantic Region.



GOVERNMENT
EXHIBIT

*1*

3.    The United States Penitentiary (USP) Hazelton, West Virginia is an institution within the

Mid-Atlantic Region of the Bureau of Prisons and one which I work with routinely

processing FOIA/PA requests for information contained in that institutions records.

4.    I certify that the attached documents are true and accurate copies of official records

received, compiled and maintained in the ordinary course of business by the Federal

Bureau of Prisons.

5.    Attached hereto as <u>Attachment A</u> is a true and accurate copy of SENTRY computer-

generated Public Information Inmate Data pertaining to Frank Skinner, Federal Register

No. 02727-025. It indicates, among other things, the court in which he was convicted and

sentenced, his offense, his sentence length and his institution moves. USP Hazelton is

noted as "HAZ" and the Federal Correctional Institution ("FCI"), Greenville, Illinois is

noted as "GRE." Mr. Skinner is now incarcerated at FCI, Greenville.

6.    Attached hereto as <u>Attachment B</u> is a true and accurate copy June 13, 2005

acknowledgment of receipt of tort claim no. TRT-MXR-2005-03222, received by the

Bureau of Prisons Mid-Atlantic Regional Office.

7.    Attached hereto as <u>Attachment C</u> is a true and accurate copy of the September 23, 2005

final denial of the tort claim referenced in paragraph 6 above.

8.    Attached hereto as <u>Attachment D</u> is a true and accurate copy of the October 21, 2005,

letter Plaintiff sent to the Federal Bureau of Prisons FOIA/Privacy Act office requesting

records.

9.    The request referenced in paragraph 8 above, was logged in as FOI Request No. 2006-

00793 and forwarded to the Mid-Atlantic Regional Office for processing. Attached

hereto as <u>Attachment E</u> is a true and accurate copy of the response, providing plaintiff with all of the related documents he requested.

10.     Attached hereto as <u>Attachment F</u> is a true and accurate copy of the FOIA report from the BOP database indicating that Mr. Skinner has filed only one (1) FOIA request, No. 2006-00793, with the Bureau of Prisons.  I certify that if Plaintiff had filed any other FOIA requests during his incarceration at USP Hazelton, such request would have been logged in and routed to me for processing, or if I had received the original I would have logged it into the system and then processed it, as USP Hazelton is in the Mid-Atlantic Region and under my responsibility to process such requests.  The absence of the entry and the lack of any file in my office reveals that no other such requests were filed by Mr. Skinner. Moreover, the lack of other entries in the database reveals that he has not filed any FOIA requests since being transferred to FCI, Greenville.

I declare under the penalty of perjury, the foregoing is true and correct, to the best of my knowledge.

Executed on this <u>19</u>th day of April, 2007.

Clarrisa M. Greene
Legal Instruments Examiner
Mid-Atlantic Regional Office
Federal Bureau of Prisons

3

```
  MXRSZ          *      PUBLIC INFORMATION          *     04-19-2007
PAGE 001         *         INMATE DATA              *     12:47:13
                           AS OF 04-19-2007

REGNO..: 02727-025 NAME: SKINNER, FRANK A JR

                  RESP OF: GRE / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 618-664-6200    FAX: 618-664-6372
                                           RACE/SEX...: BLACK / MALE
FBI NUMBER.: 829072W2                      DOB/AGE....: 04-17-1963 / 44
PROJ REL MT: GOOD CONDUCT TIME RELEASE     PAR ELIG DT: N/A
PROJ REL DT: 07-14-2010                    PAR HEAR DT: N/A
-------------------------- ADMIT/RELEASE HISTORY --------------------------
FCL    ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP  DATE/TIME
GRE    A-DES      DESIGNATED, AT ASSIGNED FACIL 02-06-2007 1932 CURRENT
A02    RELEASE    RELEASED FROM IN-TRANSIT FACL 02-06-2007 2032 02-06-2007 2032
A02    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-06-2007 0842 02-06-2007 2032
HAZ    TRANSFER   TRANSFER                      02-06-2007 0842 02-06-2007 0842
HAZ    A-DES      DESIGNATED, AT ASSIGNED FACIL 02-16-2006 1052 02-06-2007 0842
HAZ    ESCORT TRP ESC TRIP OTHER THAN LOCAL HOSP 08-04-2005 0809 02-16-2006 1052
HAZ    A-DES      DESIGNATED, AT ASSIGNED FACIL 08-04-2005 1132 02-16-2006 0809
HAZ    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 04-13-2005 0841 08-04-2005 1132
HAZ    A-DES      DESIGNATED, AT ASSIGNED FACIL 04-13-2005 1630 08-04-2005 0841
S42    RELEASE    RELEASED FROM IN-TRANSIT FACL 04-13-2005 1630 04-13-2005 1630
S42    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-13-2005 0605 04-13-2005 1630
ATL    TRANSFER   TRANSFER                      04-13-2005 0605 04-13-2005 0605
ATL    A-DES      DESIGNATED, AT ASSIGNED FACIL 01-13-1997 1343 04-13-2005 0605
A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 01-13-1997 1343 01-13-1997 1343
A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 01-13-1997 0800 01-13-1997 1343
OKL    HLD REMOVE HOLDOVER REMOVED             01-13-1997 0700 01-13-1997 0700
OKL    A-HLD      HOLDOVER, TEMPORARILY HOUSED  01-06-1997 1725 01-13-1997 0700
S01    RELEASE    RELEASED FROM IN-TRANSIT FACL 01-06-1997 1825 01-06-1997 1825
S01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 01-06-1997 0552 01-06-1997 1825
FLP    TRANSFER   TRANSFER                      01-06-1997 0352 01-06-1997 0352
FLP    A-DES      DESIGNATED, AT ASSIGNED FACIL 11-03-1994 1130 01-06-1997 0352
A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 11-03-1994 1330 11-03-1994 1330
A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-03-1994 0650 11-03-1994 1330
ERE    HLD REMOVE HOLDOVER REMOVED             11-03-1994 0550 11-03-1994 0550
ERE    A-HLD      HOLDOVER, TEMPORARILY HOUSED  10-25-1994 1730 11-03-1994 0550
A02    RELEASE    RELEASED FROM IN-TRANSIT FACL 10-25-1994 1830 10-25-1994 1830
A02    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-25-1994 1436 10-25-1994 1830
LVN    TRANSFER   TRANSFER                      10-25-1994 1336 10-25-1994 1336
LVN    A-DES      DESIGNATED, AT ASSIGNED FACIL 10-01-1993 1742 10-25-1994 1336
S02    RELEASE    RELEASED FROM IN-TRANSIT FACL 10-01-1993 1842 10-01-1993 1842
S02    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-01-1993 1100 10-01-1993 1842
ERE    HLD REMOVE HOLDOVER REMOVED             10-01-1993 1000 10-01-1993 1000
ERE    A-HLD      HOLDOVER, TEMPORARILY HOUSED  09-30-1993 0810 10-01-1993 1000
A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 09-30-1993 0910 09-30-1993 0910
A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-30-1993 0715 09-30-1993 0910
ERE    HLD REMOVE HOLDOVER REMOVED             09-30-1993 0615 09-30-1993 0615


G0002     MORE PAGES TO FOLLOW . . .
```

**Attachment A**

```
  MXRSZ           *        PUBLIC INFORMATION        *      04-19-2007
PAGE 002          *          INMATE DATA             *      12:47:13
                             AS OF 04-19-2007

REGNO..: 02727-025 NAME: SKINNER, FRANK A JR

                   RESP OF: GRE / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 618-664-6200    FAX: 618-664-6372
ERE    A-HLD       HOLDOVER, TEMPORARILY HOUSED   09-27-1993 1945 09-30-1993 0615
A02    RELEASE     RELEASED FROM IN-TRANSIT FACL  09-27-1993 2045 09-27-1993 2045
A02    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 09-27-1993 0930 09-27-1993 2045
THA    TRANSFER    TRANSFER                       09-27-1993 0830 09-27-1993 0830
THA    A-DES       DESIGNATED, AT ASSIGNED FACIL  03-29-1993 1145 09-27-1993 0830
5-A    RELEASE     RELEASED FROM IN-TRANSIT FACL  03-29-1993 1145 03-29-1993 1145
5-A    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-02-1993 0840 03-29-1993 1145
THA    FED WRIT    RELEASE ON FEDERAL WRIT        03-02-1993 0840 03-02-1993 0840
THA    A-DES       DESIGNATED, AT ASSIGNED FACIL  02-09-1993 1144 03-02-1993 0840
THA    ADM CHANGE  RELEASE FOR ADMISSION CHANGE   02-09-1993 1142 02-09-1993 1144
THA    A-HLD       HOLDOVER, TEMPORARILY HOUSED   02-09-1993 1140 02-09-1993 1142
2-L    RELEASE     RELEASED FROM IN-TRANSIT FACL  02-09-1993 1140 02-09-1993 1140
2-L    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 02-02-1993 1703 02-09-1993 1140
CST    ADMIN REL   ADMINISTRATIVE RELEASE         02-02-1993 1603 02-02-1993 1603
CST    A-ADMIN     ADMINISTRATIVE ADMISSION       02-02-1993 1600 02-02-1993 1603

  G0002       MORE PAGES TO FOLLOW . . .
```

```
MXRSZ            *        PUBLIC INFORMATION        *      04-19-2007
PAGE 003         *           INMATE DATA            *      12:47:13
                             AS OF 04-19-2007

REGNO..: 02727-025 NAME: SKINNER, FRANK A JR

                    RESP OF: GRE / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 618-664-6200     FAX: 618-664-6372
PRE-RELEASE PREPARATION DATE: 01-14-2010

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-14-2010 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------
COURT OF JURISDICTION..........: ILLINOIS, SOUTHERN DISTRICT
DOCKET NUMBER..................: 92-30116-01 WLB
JUDGE..........................: BEATTY
DATE SENTENCED/PROBATION IMPOSED: 01-27-1993
DATE COMMITTED.................: 02-09-1993
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

            FELONY ASSESS  MISDMNR ASSESS  FINES           COSTS
NON-COMMITTED.: $100.00       $00.00      $00.00          $00.00

RESTITUTION...:  PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....: 381
OFF/CHG: T. 21 USC 841 (A)(1) & 846 CONSP TO DIST COCAINE, POSS W/I
          TO DIST COCAINE

 SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  262 MONTHS
 TERM OF SUPERVISION............:   10 YEARS
 NEW SENTENCE IMPOSED...........:  240 MONTHS
 BASIS FOR CHANGE...............: RULE 35 GOVERNMENT APPEAL
 DATE OF OFFENSE................: 08-05-1992

G0002        MORE PAGES TO FOLLOW . . .
```

```
  MXRSZ        *        PUBLIC INFORMATION        *      04-19-2007
PAGE 004 OF 004 *          INMATE DATA            *      12:47:13
                        AS OF 04-19-2007

REGNO..: 02727-025 NAME: SKINNER, FRANK A JR

               RESP OF: GRE / DESIGNATED, AT ASSIGNED FACIL
               PHONE..: 618-664-6200    FAX: 618-664-6372
-------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-01-2002 AT ATL AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-27-1993
TOTAL TERM IN EFFECT............:  240 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   20 YEARS
EARLIEST DATE OF OFFENSE........: 08-05-1992

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                    08-06-1992    01-26-1993

TOTAL PRIOR CREDIT TIME.........: 174
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 753
TOTAL GCT EARNED................: 541
STATUTORY RELEASE DATE PROJECTED: 07-14-2010
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-05-2012

TYPE OF HEARING.................: NOT ELIGIBLE

PROJECTED SATISFACTION DATE.....: 07-14-2010
PROJECTED SATISFACTION METHOD...: GCT REL




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```



U.S. Department of Justice

Federal Bureau of Prisons

*Mid-Atlantic Regional Office*

June 13, 2005

10010 Junction Drive, Suite 100-N
Annapolis Junction, MD 20701

Frank A. Skinner
Reg. No. 02727-025
United States Penitentiary
P.O. Box 2000
Bruceton Mills, WV  26525

Re: Administrative Tort Claim Number TRT-MXR-2005-03222

Dear Mr. Skinner:

This will acknowledge receipt on May 31, 2005, of your administrative tort claim for alleged personal injury at USP Hazelton, West Virginia on or about May 24, 2005.  You claim a sum certain of $1,000,000.00.

Under the provisions of the Federal Tort Claims Act, 28 U.S.C.§2675, we have six months from the date of receipt of your claim in this office, to review, consider, and adjudicate your claim.

Should your claim include an allegation of loss of or damage to personal property,  pursuant to 28 C.F.R., §14.4(c), you are required to include with your claim an itemized list of the property lost or damaged.  If possible, for each item, please state its value, date and place of purchase.  If the property was purchased in a Federal institution, submit the commissary receipt.  If the property was not purchased in a Federal institution, submit a copy of the receipt of purchase.  If you do not have a receipt please state as such, and list the place purchased, for example: name of store, address, state, date and cost for each item alleged lost or damaged.  Failure to respond within 30 days of this letter will delay the investigation of your claim.  *If you have already included these items do not re-submit.*

All correspondence regarding this claim should be addressed to: Regional Counsel, Federal Bureau of Prisons, Mid-Atlantic Regional Office, 10010 Junction Drive, Annapolis Junction, Maryland 20701.  When corresponding with this office regarding this tort claim please refer to the above tort claim number.  If you have any questions about the status of your claim or if the circumstances surrounding this claim change in any fashion, contact this office immediately.  **Also, should your address change, please advise accordingly.**

Sincerely,

Marian Callahan
Assistant Regional Counsel



**U.S. Department of Justice**

Federal Bureau of Prisons

*Mid-Atlantic Regional Office*

---

*16010 Junction Drive, Suite 100-N*
*Annapolis Junction, MD 20701*

SEP 2 3 2005

Frank Skinner
Reg. No. 02727-025
United States Penitentiary, Hazelton
Bruceton Mills, WV 26525

RE:  Administrative Tort Claim Number TRT-MXR-2005-03222

Dear Mr. Skinner:

Your claim, filed in this office on May 31,2005, has been
considered for administrative settlement under the Federal Tort
Claims Act (FTCA), Title 28 U.S.C. § 2672, underlined et seq., and authority
granted under 28 C.F.R. § 0.172. You claim government liability
in the amount of $1 million. You allege personal injury, based on
an injury of your testicles and left leg for a period of six to
seven months.  You claim negligence on the part of staff.

Investigation of this claim does not support your claim. You were
admitted to USP, Hazelton on April 13, 2005.During intake
screening, you complained of left testicle, thigh, and leg pain
for the past six months.  You have also brought your complaints
to the attention of staff through the Administrative Remedy
process. Medical evaluation indicates that you have been
diagnosed with epididymitis, an inflammation or infection of a
duct on the posterior surface of the testicle.  You have been
advised to use an athletic support, and to refrain from heavy
lifting, and provided medication for the condition.

There is no evidence that any act or omission of a Bureau of
Prisons employee was a factor in any injury you may have
incurred, and your medical needs have been addressed.

Your claim is denied. If you are not satisfied with our
determination in this matter, you may file suit in the
appropriate U.S. District Court not later than six months after
the date of mailing of this notification.

Sincerely,

Richard W. Schott
Regional Counsel

**Attachment C**

*2006-00793*

Federal Bureau Of Prisons
320 First Street, N.W.
Room 843 HOLC Building
Washington, D.C 20534
Attn: FOIA/ Privacy Act Office
RE: F.T.C.A. - No. **TRT-MXR-2005-03222**

October 21, 2005

Dear Wanda M. Hunt,
    Chief,FOIA/PA Section

    I request under 5 U.S.C.§ 552 and § 552a the copy of the Form 95
Tort Claim filed May 31,2005 to the Mid-Atlantic Regional Office,
10010 Junction Dr. Suite 100 Ammapolis Junction, Md. 20701.  The
complaint was based on personal injury/medical records. Also, I request
all or any letter heads addressed, and the original response **not**
received toward denial.

        [ Attached is the Certification of Identity ]

                                Thank You for your consideration

                                Frank A. Skinner
                                Reg. No. 02727-025
                                USP- HAZELTON
                                Box 2000
                                Burceton, Mills WV.
                                            26525

**Attachment D**



**U.S. Department of Justice**

Federal Bureau of Prisons

*Mid-Atlantic Regional Office*

---

*1001? Junction Drive, Suite 100-N*
*Annapolis Junction, MD 20701*

DEC 2 1 2005

Frank Skinner
Reg. No. 02727-25
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV  26525

Re:    FOI Request No. 2006-00793

Dear Mr. Skinner:

This is in response to your recent letter, requesting copies of Federal Bureau of Prisons records.  Specifically, you request a copy of Administrative Tort Claim No. TRT-MXR-2005-03222, filed May 31, 2005, and the response.

We have located 3 pages responsive to your request and have determined that all 3 pages are releasable to you in their entirety.

Sincerely,

Richard W. Schott
Regional Counsel

Enclosure

**Attachment E**

**FOIA Report**

| Case Number | Title | Received | Due | Complete | Days | Agency | Facility | Reg# | First Name | Last Name |
|---|---|---|---|---|---|---|---|---|---|---|
| 2006-00793 | Copy of tort claim #05-03222 | 10/31/05 | 11/30/05 | 12/21/05 | 35 | Mid Atlantic Regional Office | USP Hazelton | 02727-025 | Frank | Skinner |
| **Total: 1** | | | | | | | | | | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANK A. SKINNER, )
)
Plaintiff, )
)
v. )
) Civ. No. 07-0091 (RWR)
)
OFFICE OF INFORMATION )
AND PRIVACY, et al., )
)
Defendants. )
)

## <u>DECLARATION OF JOEL S. PICKETT</u>

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned Joel S. Pickett, do hereby make the following declaration pertinent to the above-styled cause of action:

1. I, Joel S. Pickett, hereby state that I am the Health Services Administrator at the Federal Correctional Institution (FCI) in Greenville, Illinois. I have held this position since January 2006. Prior to that I was selected as the Assistant Health Services Administrator after serving in other positions of increasing responsibility. I began my career with the Federal Bureau of Prisons (BOP) in September 1994 at FCI Greenville as a recreation specialist.

2. As the Health Services Administrator at FCI, Greenville, I am responsible for planing, implementing, directing, and controlling all aspects of the department's administration, including personnel and procurement, as well as the supervision and direction of ancillary

- PAGE -



departments, including pharmacy, nursing, laboratory, x-ray, and maintenance of inmate health records. Further, I am responsible for establishing an effective management system to integrate the needs of the individual patient with current health programs. I also provided administrative supervision and direction to all Health Services staff, except the Clinical Director, including designation of shifts and assignment of general and specific duties. In this capacity, I had access to the official medical records, including those of inmate Frank Skinner, Federal Register Number 02727-025.

3.  The statements contained herein are made on the basis of my review of the official files and records of the Bureau of Prisons, my own personal knowledge, or on the basis of information I acquired through the performance of my official duties. I am familiar with the procedures followed by my department in responding to inmate requests for access to and copies of their medical records. In particular, I am familiar with such requests made by Plaintiff Frank A. Skinner.

4.  Specifically, pursuant to his request, I provided inmate Skinner with a copy of his 154 pages of his medical records, which constituted his entire file. Attached hereto as Attachment A is a true and correct copy of the March 26, 2007 annotation I made in inmate Skinner's medical record, memorializing this disclosure.

5.  I understand that inmate Skinner complains that the Bureau of Prisons has withheld his medical records from him. Specifically, although he has acknowledged to me receiving the medical record, he believes there are pages missing from an ultrasound he had while designated at USP Hazelton, WV.

- PAGE -

6.   In response to Mr. Skinner's concerns, I contacted the staff in the Medical Records

Department at the Monongalia General Hospital in Morgantown, West Virginia. I asked

them about the ultrasound and how many pages of medical records they had pertaining to

Mr. Skinner. They informed me that the ultra sound was 2 pages in its entirety and that it

had been provided to staff at USP Hazelton at the time the medical care was provided. I

informed Mr. Skinner that all documents related to his medical care had been received

and placed in his medical record. Therefore, I certify that the copy of the medical record I

gave him on March 26, 2007, was a true, accurate and complete set of his medical records

the BOP has and that I was not withholding any records from any outside consultant or

provider of medical care.


I declare under the penalty of perjury, the foregoing is true and correct, to the best of my

knowledge.

Executed on this ___ day of April, 2007.

Joel S. Pickett
Health Services Administrator
Federal Correctional Institution
Greenville, Illinois


- PAGE -

04/19/2007  08:14   6186646238         FCI GREENVILLE                    PAGE  01/02

CHRONOLOGICAL RECORD OF MEDICAL CARE
Medical Record
STANDARD FORM 600 (REV. 6-97)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-9.202-1

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
|------|-----------------------------------------------------------------------|
| 02/9/07 0930 | S: c/o ℗ testicular pain denies recent trauma — problem has been going on for a while pt stated. |
| | O: alert, oriented x3. |
| | HEENT 5m |
| | Lungs CSA s wheezes, s crackles. |
| | Scrotum: ℗ hydrocele ℗ testicule; s varicocele; ℗ pain on palpation. |
| | A: Hydrocele — |
| | P: ① Van UHr + sound referral by 02/16/06. |
| | ② BHCG / Alfa-feto protein ordered — |
| | ③ Educated pt on hydrocele — Stated that he understood pt education |
| | ④ Motrin 800 mg Take 1 tab ord po 15 days — refill x 1. |
| | ⑤ RTC prn. |

JOE LIPPERT
FPh
FCI/FPC Greenville

Medication order reviewed.
No significant drug interactions noted.
Patient advised on medication use.

| | |
|---|---|
| 2/02/07 1100 | KFP BHCG Drawn L. McNary |

Lainie McNary
Phlebotomist
FCI/FPC Greenville

| 3/26/07 1520 | Admin Note: Issued 154 pages (entire file) of his medical records. Pickett HSA |

STANDARD FORM 600 (REV. 6-97)  BACK

**Attachment A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANK A. SKINNER

vs.                                                  CIVIL ACTION NO. 07-0091

OFFICE OF INFORMATION AND PRIVACY, et al.

DECLARATION OF CINDY J. AMMONS

I, Cindy J. Ammons, do hereby declare and state as follows:

1.     I am currently employed by the Federal Bureau of Prisons as a Medical Records
       Technician at the United States Penitentiary - Hazelton in Bruceton Mills, West
       Virginia ("USP Hazelton"). I have held this position since October 4, 2004. As a
       Medical Records Technician, I am responsible for processing and maintaining
       medical records. I review, analyze, code, compile, and extract medical records
       data as well as perform other day to day technical and administrative activities in
       the Health Services Department of USP Hazelton. In the course of my official
       duties, I have access to the medical records of inmates incarcerated at USP
       Hazelton.

2.     I have been informed that Inmate Frank A. Skinner, federal register number
       02727-025, has filed a lawsuit in the United States District Court for the District of
       Columbia, complaining that the Bureau of Prisons has withheld medical records
       from him.

3.     Although inmate Skinner is no longer at USP Hazelton, I do remember him.
       Specifically, I remember that while he was incarcerated at USP Hazelton, he
       went into the community on a medical trip because he had a lump in his scrotum.

GOVERNMENT
EXHIBIT
3

Medical staff sent him to Monongalia General Hospital in Morgantown, West Virginia, where he received an ultra sound of his scrotum with color flow doppler.

4. Following this trip, inmate Skinner sought a copy of his medical record. I provided him a copy of his entire medical record. Mr. Skinner then asked me where the rest of the ultra sound records were, indicating that they should be 15-17 pages. I informed him that the documents in the medical record were all that we received. However, because of his insistence, I called the radiology department at the hospital and spoke to the doctor involved, to determine if there were more records that were not forwarded to the Bureau of Prisons. I was informed that in fact the ultra sound resulted in the 2 pages that are now part of the record, which I had copied and given to Mr. Skinner.

5. Shortly thereafter, inmate Skinner transferred away from USP Hazelton without further complaint about the medical record, so I assumed that he was satisfied that he had received a full and complete set.

I declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to Title 28, United States Code, Section 1746.

Executed this 20th day of April, 2007.

Cindy J. Ammons
Medical Records Technician
USP Hazelton